State v. Baker

Decided March 10, 1998

(NOT TO BE CITED AS AUTHORITY)

No. 96-681

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 55N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ROBERT PHILLIP BAKER,

Defendant and Appellant.

APPEAL FROM:   District Court of the Eleventh Judicial District,

In and for the County of Flathead,

Honorable Ted O. Lympus, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

William Hooks, Appellate Defender, Helena, Montana

For Respondents:

Honorable Joseph P. Mazurek, Attorney General; Mark

C. Fowler, Assistant Attorney General, Helena,

Montana

Thomas Esch, County Attorney, Kalispell, Montana

Submitted on Briefs:  January 30, 1998

Decided:    March 10, 1998

Chief Justice Turnage delivered the Opinion of the Court.

¶1   Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2   Robert Phillip Baker appeals from the revocation of his deferred imposition of sentence in the Eleventh Judicial District Court, Flathead County.  We affirm.

¶3   The issues are whether the District Court violated Baker's due process rights and his constitutional right to the assistance of counsel, whether it abused its discretion in denying Baker's motions for continuances, and whether it denied him his statutory and constitutional rights to confrontation and cross-examination.

¶4   In December 1993, Baker pled guilty in the District Court to issuing a felony bad check.  The court placed him on probation and ordered that imposition of sentence be deferred for three years, subject to written terms and conditions.

¶5   In November 1994, the State of Montana petitioned to revoke Baker's deferred imposition of sentence based upon alleged violations of the terms of his probation including his 1994 theft

of a motor vehicle in California. The attorney initially appointed to represent Baker at his revocation hearing was allowed to withdraw due to disagreements with Baker concerning the handling of the case. The court later dismissed Baker's second court-appointed attorney and allowed Baker to represent himself at his revocation hearing, after Baker filed a written notice of substitution of counsel indicating that he wished to proceed pro se.

¶6  At the revocation hearing, Baker's Montana probation officer testified in person and two California witnesses testified by telephone. Baker cross-examined each witness and made a statement to the court in his own behalf. At the close of the hearing, the court found sufficient evidence to revoke the deferred imposition. Baker was sentenced to ten years in the custody of the Department of Corrections. He appeals.

¶7  The record, which includes numerous and voluminous handwritten documents filed by Baker both before and after he assumed pro se status, establishes to this Court's satisfaction that Baker knowingly and voluntarily waived his right to counsel at the revocation hearing, pursuant to the applicable requirements under Montana and federal law. Under this record, failure to grant Baker's eve-of-hearing request for a continuance was not an abuse of discretion. At the revocation hearing, the State introduced a certified copy of the California U.S. District Court judgment against Baker for theft of a motor vehicle. This conviction alone was a clear violation of the terms of, and sufficient as grounds to revoke, Baker's probation. There is no reasonable possibility that the alleged errors at the revocation hearing affected Baker's substantial rights. See State v. Powers (1982), 198 Mont. 289, 301, 645 P.2d 1357, 1364. Nor has Baker established that the court's failure to grant his request for a sixty-day continuance of the sentencing hearing was an abuse of discretion.

¶8  Affirmed.

/S/  J. A.  TURNAGE

We concur:

/S/  WILLIAM E. HUNT, SR.

/S/  TERRY N. TRIEWEILER

/S/  KARLA M. GRAY

/S/  W. WILLIAM LEAPHART